**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DAVID RAY EVANS**                                                                    **PETITIONER**

**VS.**                                **CASE NO.: 5:15CV00039 BSM-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                   **RESPONDENT**

## RECOMMENDED DISPOSITION

**I**.     **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United

States Chief District Judge Brian S. Miller.  Any party may file written objections to this

Recommendation within fourteen (14) days.  Objections must be specific and must

include the factual or legal basis for the objection.

If no objections are filed, Judge Miller can adopt this Recommendation without

independently reviewing the record.  By not objecting, you may also waive any right to

appeal questions of fact.

**II.**     **Background**

Petitioner David Ray Evans, an inmate at the Arkansas Department of Correction

("ADC"), brings this petition for writ of habeas corpus (docket entry #2) under 28 U.S.C.

§ 2254.  Director Kelley has responded to the petition.  (#24)  Mr. Evans has not filed a reply.[1]

Mr. Evans was charged  as a habitual offender with first-degree forgery, a Class B felony, in Lincoln County Circuit Court.  (#24-2)  On February 11, 2014, Mr. Evans entered a plea of *nolo contendere* to the charge.  At the plea hearing, Mr. Evans was represented by counsel and stated that he was satisfied with his counsel.  (#24-6 at p. 17) He also acknowledged the facts as recited by the prosecutor, and responded to questions from the judge, indicating that he understood the consequences of his plea.  (#24-6 at pp. 17-21)  The court sentenced Mr. Evans as a habitual offender to the minimum sentence, five years' imprisonment in the ADC, to be served concurrently to a sentence of 47 years, and a sentence of 20 years that he was already serving when the forgery offense occurred.[2]  (#24-6 at pp. 21-22)  See Ark. Code Ann. § 5-37-201(d), § 5-4-401(a)(3), and § 5-4-501(b)(2).

On February 20, 2014, Mr. Evans filed a petition to correct an illegal sentence in the circuit court, claiming he was "maliciously badgered" into pleading *nolo contendere*. He also claimed he was innocent of forgery and was convicted twice in violation of the double jeopardy clause.  (#24-7 at p. 2)  Mr. Evans also filed a petition under Arkansas

[1]Mr. Evans filed two motions for order (#27, #28), a supplement to his petition (#30), and a motion for hearing (#31), which the Court denied (#29, #33).

[2]Had Mr. Evans gone to trial, he faced a sentence of up to forty years and a fine of up to $15,000, which the court could have ordered to run consecutive to the sentences he was already serving.  (#24-6 at p. 18)

2

Rule of Criminal Procedure 37 with the circuit court claiming prosecutorial misconduct; double jeopardy; and that he was denied effective assistance of counsel and a jury trial. (#24-7 at pp. 12-13)

Mr. Evans continued to file pleadings with the circuit court including a "Motion for Reconsideration," asking the court to reverse its decision denying his request to fire his counsel and represent himself in the underlying criminal matter; a "Fraudulent Acts In Justices" pleading; and a "Request for Acknowledgment & Process Update." (#24-8)  In an order filed June 2, 2014, the Honorable Jodi Raines Dennis treated all of Mr. Evans's petitions as requests under Rule 37 and denied relief.  (#24-9)

On November 14, 2014, Mr. Evans filed a document titled "Request for Legal Ruling" in which he claimed he had filed a state habeas petition on June 14, 2014.  The circuit court, however, does not have a habeas petition in its file.  (#24-10)

Mr. Evans filed a timely petition for writ of habeas corpus here raising the following claims: (1) double jeopardy; (2) prosecutorial misconduct; (3) ineffective assistance of counsel; and (4) judicial misconduct.  (#2 at pp. 8-10)  Wendy Kelley responds to the petition arguing that Mr. Evans has procedurally defaulted his claims by failing to raise them with the state courts.  Mr. Evans has not replied to Director Kelley's response.  For the reasons set forth below, Mr. Evans's petition should be denied and dismissed with prejudice.

III. **Discussion**

A. **Procedural Default**

Director Kelley contends that all of Mr. Evans's claims should be dismissed as procedurally defaulted because they were never presented to the state courts.  See *Coleman v. Thompson*, 501 U.S. 722 (1991).  The record shows that none of Mr. Evans's claims were presented to the state courts, and state prisoners must give the state courts, "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999); 28 U.S.C. § 2254(c).

Here, because of his plea, Mr. Evans could not pursue a direct appeal.  See ARK. R.APP. P.CRIM. 1(a). Under Arkansas Rules, direct review from a plea of guilty or *nolo contendere* is barred unless a conditional plea was allowed under Arkansas Rule of Criminal Procedure 24.3(b).  Mr. Evans did not enter a conditional plea, so he was not entitled to direct review of his sentence.

After Mr. Evans's Rule 37 petition and other motions were denied, he could have filed an appeal of that decision with the Arkansas Supreme Court.  He did not, and the time for doing so has expired.  ARK. R. APP. P. CRIM. 2 (notice of appeal must be filed within thirty days from the date of entry of an order denying a petition for postconviction relief under Rule 37).  Accordingly, his claims are procedurally defaulted unless he can establish "cause for the default and actual prejudice as a result of the alleged violation of

federal law, or demonstrate that failure to consider the claims will result in a fundamental

miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565.

### B.    Cause and Prejudice

Cause to excuse procedural default is established when "some objective factor

external to the defense impede[s] . . . efforts to comply with the State's procedural rule."

*Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986).   Here, Mr. Evans has not

alleged that any external factor prevented him from appealing the denial of his Rule 37

petition to the Arkansas Supreme Court.

Mr. Evans does allege that he filed a state petition for writ of habeas corpus.   (#2 at

pp. 7, 9, 12)  Respondent contends such a petition was never filed, but that it would have

been unsuccessful in any event.   Regardless, Mr. Evans has not come forward with

evidence to establish he was prevented from filing a state habeas petition, and even if he

had established  cause, he has not established that he was prejudiced by not filing a state

petition for writ of habeas corpus.

### C.    Actual Innocence

To fall within the actual innocence/fundamental-miscarriage-of-justice exception,

"a habeas petitioner [must] present new evidence that affirmatively demonstrates that he

is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850

(8th Cir. 2011)(quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

Throughout his state court pleadings, Mr. Evans claimed he was actually innocent of the crime of forgery.  (#24-7 at pp. 5-6)  He has not come forward with any *new* evidence of innocence.  All of the evidence related to the forgery was discoverable prior to his entering a guilty plea.

Further, Mr. Evans's claim that he did not create the document at issue in his forgery case does not affirmatively demonstrate his innocence.  Under Arkansas law, a person forges a written instrument if, "with purpose to defraud . . . [he] possesses . . . any written instrument that purports to be or is calculated to become or to represent if completed the act of: (1) A person who did not authorize that act . . . ."  ARK. CODE ANN. 5-37-201.  At the plea hearing, Mr. Evans acknowledged the facts alleged by the prosecutor, including that he presented a document to ADC authorities purporting to be an exoneration signed by Judge Michael Fitzhugh in Sebastian County, and that along with the document, Mr. Evans submitted an affidavit in which he stated the document exonerated him of all charges.  (#24-6 at p. 20)  Judge Fitzhugh later confirmed that he did not sign the document.  (*Id.*)  These facts are sufficient to satisfy the elements of the offense of forgery in the first degree under Arkansas Code Annotated 5-37-201.

Considering the evidence presented at the plea hearing and Mr. Evans's plea, Mr. Evans has not affirmatively demonstrated his innocence.

### D.     *Martinez*

Mr. Evans may argue, under *Martinez v. Ryan*, 566 U.S. __, __, 132 S.Ct. 1309 (2012), that the Court should review his defaulted ineffective assistance of counsel claim. In *Martinez*, the United States Supreme Court held that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  *Martinez*, 132 S. Ct. at 1315.

In *Arnold v. Dormire*, 675 F.3d 1082 (8th Cir. 2012), the Court held that *Martinez* offers no support for the contention that the failure to preserve claims on appeal from post-conviction proceedings can constitute cause to excuse procedural default.  As the Eighth Circuit points out in *Arnold*, the Supreme Court's clear statement in *Martinez* is that its holding did not "concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings." *Id*. at 1087.  Because here, like in *Arnold*, Mr. Evans raised an ineffective assistance of counsel claim in his Rule 37 petition, but then abandoned the claim on appeal, the *Martinez* exception to procedural default does not apply, and there is no exception to save this claim from his procedural default.

Further, here, Mr. Evans has not established that his ineffective assistance of counsel claim has merit.  Mr. Evans claims that his counsel was ineffective because he obtained a continuance without notifying him, was ignorant of the alleged double jeopardy issue, and told him that it was standard practice for an Arkansas judge to be

under the influence of alcohol and/or drugs while presiding in court.  (#2 at p. 8)  At the plea hearing, however, Mr. Evans testified that he was satisfied with his appointed counsel's advice; that his counsel had taken the time to "properly advise me of everything"; and that he was not being threatened in any manner in order to get him to change his plea.   (#24-6 at pp. 18-19)

In light of all of the evidence in the record, Mr. Evans's claim of ineffective assistance of plea counsel is not substantial enough to warrant excusing his procedural default.

## IV.    <u>Certificate of Appealability</u>

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Evans has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Mr. Evans has not provided a basis for issuing a certificate of appealability.

## V.    <u>Conclusion</u>

The Court recommends that David Evans's petition for writ of habeas corpus (#2) be dismissed, with prejudice.  The Court further recommends that no certificate of appealability be issued.

DATED this 13th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE